### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### BLUEFIELD DIVISION

RANDY MICHAEL BRODNIK, D.O.,

     Plaintiff,

v.                                                          Civil Action No. 1:22-CV-00312

PAUL J. HARRIS,

     Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, BY SPECIAL APPEARANCE ONLY, MOTION TO DISMISS

COMES NOW, Defendant, Paul J. Harris, *pro se* and by special appearance only, and files this memorandum of law in support of his motion to dismiss contemporaneously filed herewith.

### Summary of Argument

Plaintiff's complaint is time barred when it was filed two years and two days after he alleges Defendant's representation ended.

Plaintiff failed to properly serve the complaint on Defendant.

### Facts

By Plaintiff's own facts pled, the representation of Plaintiff ended on July 30, 2020, Paragraph 24 of Doc 1.  The case was not filed until August 1, 2022.  This is two days past the statute of limitations.

Despite the fact that the statute of limitations has run, Plaintiff attempted to serve the time-barred complaint and summons on Plaintiff.  Instead of serving Plaintiff in the manner

proscribed by Federal Rules of Civil Procedure, Plaintiff served the complaint and summons on an employee of Defendant at his place of work.  This is not proper service.

### Discussion of Authority

Rule l2(b)(6) of the Federal Rules of Civil Procedure requires dismissal when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. Rules Civ. P. 12(b)(6). It enables a court to "weed out" unfounded lawsuits. *Harrison v. Davis*, 197 W.Va. 651, 478 S.E.2d 104 (1996). Thus, the purpose of a Rule 12(b)(6) motion is to test the formal sufficiency of the complaint. *Cantley v. Lincoln County Com 'n*, 221 W.Va. 468, 655 S.E.2d 490 (2007); *Collia v. McJunkin,* 118 W.Va. 158, 358 S.E.2d 242 (1987).

When considering a Rule l2(b)(6) motion to dismiss, a circuit court should "constru[e] the factual allegations in the light most favorable to the [non-moving party]" and grant the motion "where it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Kessel v. Leavitt*, 204 W.Va. 95, 118, 511 S.E.2d 720, 743 (1998) (citing *Murphy v. Smallridge*, 196 W.Va. 35, 36, 468 S.E.2d 167, 168 (1996) (additional citations omitted)); *Chapman v. Kane Transfer Co.,* 160 W.Va. 530, 236 S.E.2d 207 (1977).

**A. Plaintiff's complaint is time-barred by his failure to comply with the statute of limitations.**

Plaintiff pled two counts, legal malpractice and breach of contract.   However, the allegations all sound in tort, not contract.  The alleged breaches of duty under both the count for legal malpractice and the count for breach of contract are identical:

    a. Failing to respond to discovery deadlines in February and March 2017 (Id. at 3);
    b. Failing to comply with the Circuit Court's order to provide complete discovery responses by September 20, 2017 (Id.);

      c. Misrepresenting to the Court that, "'the necessary discovery responses have been served upon [respondents] and filed with the court,'" Id. at 4 (modified in original);

      d. Attempting to "blame [] the previous failure to respond to discovery 'on the pregnancy of an associate in' [sic] petitioners' counsel's office, an attorney who had never made an appearance in the case" (Id. at 4);

      e. Failing to file "affidavits or other evidence … in support of petitioners' averments" (Id.);

      f. Failing to "produce a single document in connection with the outstanding discovery responses" at the October 30, 2017, hearing (Id.);

      g. Failing to "cross-examine Attorney Gasaway or any of the other witnesses offered by respondents" at the October 30, 2017, hearing (Id.);

      h. "[A]ffirmatively declin[ing]" to present evidence regarding the failure to respond to discovery and/or the alleged unpaid legal fees at the October 30, 2017, hearing (Id.); and

      i. Failing to keep Dr. Brodnik of events concerning the Mercer County case including appeal to the West Virginia Supreme Court of Appeals, thereby denying Dr. Brodnik the ability to act to protect his interests in light of Harris' acts and/or omissions.

Paragraphs 31 (legal malpractice) and 42 (breach of contract) of the Complaint [Doc 1]. No terms of any alleged agreement were alleged to have been breached and so the action sounds in tort, not contract.

The West Virginia Supreme Court defined the test to determine the accrual of the statute of limitations in *Dunn v. Rockwell*. 225 W. Va. 43 (2009). The first prong of the *Dunn* test states: the court should identify the applicable statute of limitations for *each* cause of action. (*emphasis added*). *Dunn* at 53. "The first step in the analysis . . . is a question of law, for resolution by the trial court." *Id*. A two-year statute of limitations applies to tort claims. West Virginia Code §55-2-12.

Under step two of the *Dunn* analysis, the Court should identify when the requisite elements of the causes of action occurred. *Dunn* at 53. Plaintiff's own complaint has established the actual accrual dates of Plaintiff's alleged tort claims. Plaintiff's complaint establishes that the

accrual date for Plaintiff's tort action was July 30, 2020.  The complaint was filed beyond the applicable statute of limitations period for tort claims.

§3.1(cc) of the *Litigation Handbook on West Virginia Rules of Civil Procedure* states:

> Unless a complaint in a malpractice action against an attorney sounds only in tort, such action may be brought on contract or in tort. The fact that the statute of limitations bars the tort action does not preclude an action on contract, which is not barred by the applicable limitation statute.
> Where the act complained of in a legal malpractice action is a breach of specific terms of the contract without reference to the legal duties imposed by law on the attorney/client relationship, the action is contractual in nature. Where the essential claim of the action is a breach of duty imposed by law on the attorney/client relationship and not of the contract itself, the action lies in tort. A tort action is governed by the two year statute of limitations. Whereas a written contract action is governed by the ten year statute of limitations, and an oral contract action is subject to the five year statute of limitations.

Cleckley, Franklin D. et al., <u>Litigation Handbook On West Virginia Rules of Civil Procedure</u>, 3rd Ed., p. 35.

West Virginia has a 2-year statute of limitations for claims of legal malpractice. W.Va. Code §55-2-12.  By Plaintiff's own facts pled, the representation of Plaintiff ended on July 30, 2020, Paragraph 24 of Doc 1.  The case was not filed until August 1, 2022.  This is two days past the statute of limitations.

**B. Plaintiff's complaint was not properly served and so the case must be dismissed.**

Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, a Plaintiff must serve the summons and complaint on an individual in a proscribed manner:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Plaintiff attempted to serve Defendant by delivering a copy of the summons and complaint to an employee at his place of business.  This is not proper service.

## Conclusion

WHEREFORE, for the foregoing reasons, Defendant prays this Honorable Court dismiss the instant action.

Defendant,
Paul J. Harris,
*pro se and by special appearance*,

/s/ Paul J. Harris
Paul J. Harris
W.Va. Bar # 4673
32 Fifteenth Street
Wheeling, WV 26003
304.232.5300

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BLUEFIELD DIVISION**

RANDY MICHAEL BRODNIK, D.O.,

     Plaintiff,

v.                                Civil Action No. 1:22-CV-00312

PAUL J. HARRIS,

     Defendant.

## CERTIFICATE OF SERVICE

I hereby certify a true and exact copy of this *Memorandum of Law In Support of Defendant, by special appearance only, Motion to Dismiss* was filed and served via the Court's E-filing system this 28th day of October, 2022 which will then send notification of such filing to the following:

Patricia Kinder Beavers, Esq.
Beavers Law Firm, PLLC
4137 Coal Heritage Road
PO Box 490
Bluefield, WV 24701


Melvin E. Williams, Esq.
1320 Third Street, SW
Roanoke, VA 24016


/s/ Paul J. Harris
Paul J. Harris