IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

**RANDY MICHAEL BRODNIK, D.O.,**

    **Plaintiff,**

v.                                    **CIVIL ACTION No. 1:22-00312**

**PAUL J. HARRIS,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff's Motion for Extension of Time to Serve Process. See ECF No. 15. In that motion, he seeks an additional ninety (90) days to serve defendant Harris. Harris, by special appearance, noted his opposition to plaintiff's motion. See ECF No. 18.

Rule 4(m) of the Federal Rules of Civil Procedure requires that a defendant must be served within 90 days after the complaint is filed.[1] Fed. R. Civ. P. 4(m). If service is not effected within 90 days, then the court, on motion or on its own,

---

[1] Rule 4(e)(1) requires that service upon an individual must be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Rule 4(e)(2) provides that service may also be accomplished "by delivering a copy of the summons and of the complaint to the individual personally;" or by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

"must" dismiss the action without prejudice unless the plaintiff shows good cause for the failure.[2]  Fed. R. Civ. P. 4(m).

In his motion, plaintiff details his efforts to locate and serve defendant who is a lawyer.  He hired a professional process server who attempted to serve defendant at his place of business.  The process server served Ann Gocsik and indicated in the Proof of Service that Ms. Gocsik was "designated by law to accept service of process on behalf of . . . Paul Harris, Esq."  See ECF No. 12.  Shortly after discovering that defendant was challenging the sufficiency of service, plaintiff filed the instant motion setting out the efforts he has made to discover defendant's residence in order to serve him there.

After reviewing the record in its entirety, the court cannot say that plaintiff has not been diligent in his attempt to serve defendant.  In consideration of the foregoing, the court finds that good cause exists for plaintiff's failure to effect service within 90 days.

---

[2]Rule 4(m) of the Federal Rules of Civil Provides in part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

2

However, some courts, including this court, have held that even in the absence of good cause, the court, in its discretion may enlarge the 120 day period for service.  See Henderson v. United States, 517 U.S. 654, 658 (1996) (stating in dicta and citing the 1993 Advisory Committee Notes, that Rule 4(m) "permits a district court to enlarge the time for service 'even if there is no good cause shown.'"); Giacomo-Tano v. Levine, 199 F.3d 1327, 1999 WL 976481, *1 (4th Cir. Oct. 27, 1999) ("Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service."); Scruggs v. Spartanburg Regional Medical Center, 198 F.3d 237, 1999 WL 957698, *2 (4th Cir. Oct. 19, 1999) (observing that Henderson is persuasive as to the meaning of Fed. R. Civ. P. 4(m)) (unpublished).

Just last year, in a published opinion, the United States Court of Appeals for the Fourth Circuit confirmed that a district court has discretion to extend the time for service even if good cause does not exist.  See Gelin v. Shuman, 35 F.4th 212, 220 (4th Cir. 2022).  The court wrote:

> Now, however, we bring our jurisprudence on this issue in line with Henderson and confirm that the statements in Mendez indicating that a plaintiff must establish good cause to obtain an extension of time to serve the defendant are no longer good law.  Rather, we hold that under Rule 4(m), a district court possesses discretion to grant the plaintiff an extension of time to serve a defendant with the complaint and summons even absent a showing of good cause by the plaintiff for failing to serve the defendant during the 90-day period provided

3

>by the Rule. And if the plaintiff is able to show good cause for the failure, then the court <u>must</u> grant the extension.

<u>Id.</u> at 219-20 (emphasis in original).

Therefore, even if good cause did not exist (and the court has found that it does), the court would still exercise its discretion to grant an extension in the absence of good cause. Federal courts have identified several non-exhaustive factors that may guide the discretionary decision of whether to enlarge the service period. Such factors include

>(i) the possibility of prejudice to the defendant, (ii) the length of the delay and its impact on the proceedings, (iii) the reason(s) for the delay and whether the delay was within the plaintiff's control, (iv) whether the plaintiff sought an extension before the deadline, (v) the plaintiff's good faith, (vi) the plaintiff's pro se status, (vii) any prejudice to the plaintiff, such as by operation of statutes of limitation that may bar refiling, and (viii) whether time has previously been extended.

<u>Robinson v. G D C, Inc.</u>, 193 F. Supp. 3d 577, 580 (E.D. Va. 2016).[3]

The court finds that an enlargement of time is appropriate here. No prejudice to defendant is apparent and plaintiff attempted service diligently. The record also shows that defendant had notice of the lawsuit. Finally, plaintiff may be barred by the statute of limitations from refiling his lawsuit. For these reasons, the court perceives no prejudice to the

---

[3] This list is not binding on district courts. <u>See</u> <u>Collins v. Thornton</u>, 782 F. App'x 264, 267 (4th Cir. 2019).

4

defendant if this case is allowed to go forward. As the United States Court of Appeal for the Seventh Circuit commented:

> Where as in this case the defendant does not show any actual harm to its ability to defend the suit as a consequence of the delay in service, where indeed it is quite likely that the defendant received actual notice of the suit within a short time after the attempted service, and where moreover dismissal without prejudice has the effect of dismissal with prejudice because the statute of limitations has run since the filing of the suit . . . , most district judges probably would exercise lenity and allow a late service, deeming the plaintiff's failure to make timely service excusable by virtue of the balance of hardships. But the cases make clear that the fact that the balance of hardships favors the plaintiff does not require the district judge to excuse the plaintiff's failure to serve the complaint and summons within the [90] days provided by the rule. It does not abolish his discretion. Abuse of discretion is a hard standard to overcome. . . .

<u>Coleman v. Milwaukee Bd. of School Directors</u>, 290 F.3d 932, 934 (7th Cir. 2002) (internal citation and quotation omitted).

Having found that plaintiff has established good cause for his failure to effect service within 90 days, the court hereby **GRANTS** plaintiff's motion and he has ninety (90) days from entry of this Order in which to serve defendant.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record.

It is **SO ORDERED** this 10th day of April, 2023.

ENTER:

David A. Faber
Senior United States District Judge

5