IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

RANDY MICHAEL BRODNIK, D.O.,

    Plaintiff,

v.                                                    Civil Action No. 1:22-00312

PAUL J. HARRIS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    Pending before the court is defendant's motion to dismiss. See ECF No. 13. In his motion, defendant argues (1) that plaintiff's claims are barred by the statute of limitations, and (2) that he was not properly served.

    After the filing of the motion to dismiss, plaintiff filed a motion seeking additional time to serve defendant. See ECF No. 15. That motion was granted, see ECF No. 19, and the docket sheet reflects that defendant has been served. See ECF Nos. 22 and 26. Accordingly, to the extent defendant's motion seeks dismissal based upon insufficiency of service, it is **DENIED**.

    As for his statute of limitations argument, defendant argues that the statute of limitations expired on July 30, 2022. Because the case was not filed until August 1, 2022, defendant maintains that it is time-barred.

    Plaintiff points out that July 30, 2022, was a Saturday. Because the Clerk's Office was closed on Saturday, July 30, he

argues that he had until the following Monday, August 1, 2022, to file suit.

The parties appear to agree that the statute of limitations is two years and began to run on July 30, 2020. Therefore, ordinarily, the statute of limitations would expire on July 30, 2022. Defendant argues that the complaint needed to be filed on July 30, 2022, even though it was a Saturday. Plaintiff argues that he had until August 1, 2022. Plaintiff is correct.

"Under West Virginia law, when an act is required to occur by a certain date, and that date falls upon a Saturday, Sunday, or legal holiday, then the act is permitted to occur on the next day which is not a Saturday, Sunday, or legal holiday." Spurgeon v. Certain Underwriters at Lloyd's, London, Civil Action No. 3:05CV100, 2008 WL 11344734, at *1 (N.D.W. Va. Apr. 7, 2008); see also Perdue v. Hess, 484 S.E.2d 182, 187 n.9 (W. Va. 1997) ("A review of the calendar from the year 1993 indicates that May 17, 1993, fell on a Monday; consequently, the statute of limitations was not extended as it would have been if May 17, 1993 had been a Saturday, a Sunday, or a legal holiday."). Federal Rule of Civil Procedure 6(a)(1)(C) provides the same. See LeGras v. AETNA Life Ins. Co., 786 F.3d 1233, 1237 (May 28, 2015) ("[T]hat a deadline extends to the next business day when it falls on a Saturday, Sunday, or holiday is

2

widespread. For example, Federal Rule of Civil Procedure 6 ('Rule 6') states that this principle applies to 'any local rule or court order, or in any statute that does not specify a method of computing time.'").

The complaint herein was timely. See Palmore v. Clarion Univ. of Pennsylvania, No. 23-1045, 2023 WL 5607557, at *2 (3d Cir. Aug. 30, 2023) ("However, the District Court erred by computing the statute of limitations without taking into account Federal Rule of Civil Procedure 6(a)(1)(C). Since June 12, 2021, was a Saturday, the final day of the statute of limitations period was the following Monday, which was June 14, 2021."); Arwady v. Ho, No. 20-20403, 858 F. App'x 714, 716 (5th Cir. June 9, 2021) ("As to the Fourth Amendment false-arrest claim, both parties agree that the district court erred by dismissing it as time-barred. Because the statute of limitations would otherwise have expired on a Saturday, [the] complaint was timely filed on the subsequent Monday."); Green v. Secretary, Florida Dept. of Corr., No. 16-11239, 716 F. App'x 877, 878 n.2 (11th Cir. Nov. 16, 2017) ("Because September 4, 2004, fell on a Saturday and September 6, 2004, was a federal holiday, the expiration of the one-year statute of limitations was the following Tuesday: September 7, 2004."); Mondragon v. Thompson, 519 F.3d 1078, 1081 (10th Cir. 2008) ("The statute of

limitations for § 1983 claims in New Mexico is three years, and because September 25, 2005 was a Sunday, Mr. Mondragon's filing [on September 26, 2005] is deemed to be within three years of his release date."). Nor is there any merit to plaintiff's argument that the availability of electronic filing renders plaintiff's complaint untimely. See Pugh v. South Carolina Dept. of Public Safety, Civil Action No. 7:10-1187-RBH-BHH, 2010 WL 5811354, at *1 (D.S.C. Aug. 20, 2010) ("The Court is unaware of any basis to conclude that the all-day, year-round availability of electronic filing can be said to modify or alter Rule 6(a)(1)(C)."). For all these reasons, defendant's motion to dismiss is **DENIED**.

The Clerk is directed to send a copy of this Order to counsel of record and unrepresented parties. Counsel for plaintiff should provide a copy of this Order to plaintiff.

**IT IS SO ORDERED** this 27th day of September, 2023.

> ENTER:
>
> *David A. Faber*
> David A. Faber
> Senior United States District Judge