```
       IN THE UNITED STATES DISTRICT COURT FOR THE
             SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

RANDY MICHAEL BRODNIK, D.O.,

    Plaintiff,

v.                           CIVIL ACTION NO. 1:22-cv-00312

PAUL J. HARRIS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's motion to dismiss for lack of standing. (ECF No. 23). In support of the motion, defendant Paul J. Harris argues that the claims against him arose before plaintiff Randy Michael Brodnik, D.O. filed for Chapter 7 bankruptcy, and that the bankruptcy trustee, therefore, has the sole right to bring the claims as the "real party in interest" under Rule 17(a) of the Federal Rules of Civil Procedure. (See ECF No. 24 at 1).

"Issues regarding the identity of the real party in interest are classified as issues of prudential standing . . . ." Haigler v. High Tension Ranch, LLC, No. 3:20-CV-00564-GCM, 2021 WL 3622149, at *3 (W.D.N.C. Aug. 16, 2021) (citing Martineau v. Wier, 934 F.3d 385, 391 n.3 (4th Cir. 2019)). "And in the context of a Chapter 7 bankruptcy, it is the bankruptcy trustee and not the debtor who is the real party in interest

with respect to property of the estate, with the right to bring any legal claims that belong to the estate." Martineau, 934 F. 3d at 391.

Based on the record before the court, it appears that Dr. Brodnik's claims against Mr. Harris are property of the bankruptcy estate, and that the bankruptcy trustee is, therefore, the real party in interest with the legal right to bring them.  For that reason, the court **ORDERS** Dr. Brodnik to file, **no later than March 25, 2024**, proof that the claims were abandoned from the bankruptcy estate under 11 U.S.C. § 554, are otherwise exempt from the bankruptcy estate, or that he has taken action enabling him to pursue these claims.

If Dr. Brodnik does not show that these claims fall outside of the bankruptcy estate, the court will dismiss them under Rule 17 for failure to prosecute in the name of the real party in interest.  However, if he offers such proof, the court will deny Mr. Harris's motion to dismiss.

The Clerk is directed to send a copy of this Order to Robert L. Johns, Chapter 7 Trustee for the bankruptcy estate of Randy Michael Brodnik ("the Trustee") to notify him of his right to join or be substituted into the action.  See Fed. R. Civ. P. 17(a)(3).  Should the court hear nothing from the Trustee **by March 25, 2024**, it will dismiss this case without further notice and without the necessity of further filings by the parties.

The Clerk is further directed to forward a copy of this order to defendant, and to plaintiff at 150 Courthouse Rd., Suite 202, Princeton, WV 24740, via certified mail, return receipt requested.

The Clerk is further directed to send a copy of this Memorandum Opinion and Order to the Bankruptcy Trustee Robert L. Johns, at 808 Greenbrier Street, Charleston, West Virginia 25301, via certified mail, return receipt requested.  The Clerk is also directed to send a copy to the Trustee's counsel in the underlying bankruptcy case, Brian R. Blickenstaff, Turner & Johns, PLLC, 216 Brooks Street, Suite 200, Charleston, West Virginia 25301.

**IT IS SO ORDERED** this 23rd day of February, 2024.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge