```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                SOUTHERN DISTRICT OF WEST VIRGINIA
                           AT BLUEFIELD
```

RANDY MICHAEL BRODNIK, D.O.,

    Plaintiff,

v.                              CIVIL ACTION NO. 1:22-cv-00312

PAUL J. HARRIS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the motion of the trustee of the bankruptcy estate for plaintiff Randy Michael Brodnik, D.O., Robert L. Johns, to "be joined to civil action pursuant to Rule 19 of the Federal Rules of Civil Procedure." (ECF No. 58). The trustee filed this motion in response to this court's Memorandum Opinion and Order dated February 23, 2024, in which the court gave notice to the trustee of his right to join or be substituted into this action pursuant to Rule 17(a)(3) of the Federal Rules of Civil Procedure. (See ECF No. 50). The court gave that notice to the trustee because defendant Paul J. Harris filed a motion to dismiss Dr. Brodnik's complaint for "lack of standing" for failing to prosecute in the name of the real party in interest. (See ECF No. 23).

While the trustee brings his motion to join under Rule 19, it should have been brought under Rule 17(a)(3). See, e.g.,

Klein on behalf of Qlik Tech., Inc. v. Qlik Tech., Inc., 906 F.3d 215, 227 (2nd Cir. 2018) (describing a "Rule 17(a)(3) motion"); see also In re RLB Contracting, Inc., 854 F. App'x 614, 615 (5th Cir. 2021) (same).  The court will, therefore, construe this as a motion to "ratify, join, or be substituted into the action" under Rule 17(a)(3).

The trustee contends that "the claims of [Dr. Brodnik] are part of the Bankruptcy Estate, should be administered by the Trustee for the benefit of the Bankruptcy Estate, and Trustee should be made a party to this civil action."  (ECF No. 58 at ¶ 6).  Because the trustee's motion is unopposed, the court agrees that he should be made a party to this action.  However, he should be substituted for Dr. Brodnik as the plaintiff, rather than joined as an additional plaintiff.

As the court explained in its February 23, 2024 Memorandum Opinion and Order, a plaintiff has no right to bring legal claims that belong to the plaintiff's bankruptcy estate:  "[I]n the context of a Chapter 7 bankruptcy, it is the bankruptcy trustee and not the debtor who is the real party in interest with respect to property of the estate, with the right to bring any legal claims that belong to the estate."  Martineau v. Wier, 934 F.3d 385, 391 n.3 (4th Cir. 2019)).  When that is the case, and a bankruptcy trustee seeks to join an action under Rule 17(a)(3), "substitution is the appropriate course."  Agri-Best

2

Holdings, LLC v. Atlanta Cattle Exch., Inc., 812 F. Supp. 2d 898, 902 (N.D. Ill. 2011) (construing "Rule 17(a)(3) motion to join . . . as an additional party plaintiff as a motion to substitute . . . and grant[ing] the motion as so construed.").

For these reasons, the court **CONSTRUES** the trustee's motion (ECF No. 58) as one to substitute himself for Dr. Brodnik as the real party in interest under Rule 17(a)(3) of the Federal Rules of Civil Procedure, and **GRANTS** the motion as construed. Therefore, the bankruptcy trustee, Robert L. Johns, is **SUBSTITUTED** for Randy Michael Brodnik, D.O. as the plaintiff, and defendant's motion to dismiss for lack of standing (ECF No. 23) is **DENIED** as moot.

The Clerk is directed to forward a copy of this order to Dr. Brodnik and defendant, pro se, as well as the bankruptcy trustee and his counsel.

**IT IS SO ORDERED** this 15th day of May, 2024.

                                  ENTER:

                                  David A. Faber
                                  Senior United States District Judge